UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KARL HANSON, | Civil No. 10-3895 (JRT/JJK) |
| Plaintiff, | |
| v. | **ORDER** |
| CHARMANE DOMINO, JEREMIAH JESSEN, CHRIS ERICKSON, JOHN DOE, and MARY ROE 1 THROUGH 5, | |
| Defendants. | |

Nathan M. Hansen, **LAW OFFICE OF NATHAN M. HANSEN**, 2440 North Charles Street, Suite 224, North St. Paul, MN 55109, for plaintiff.

Marsha Eldot Devine, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, for defendant Chris Erickson.

Daniel P. Kurtz, Pamela L. VanderWiel, and William J. Everett, **EVERETT & VANDERWIEL, PLLP**, 100 Center Drive, Buffalo, MN 55313, for defendants Charmane Domino and Jeremiah Jessen.

This matter is before the Court on defendant Chris Erickson's motion to dismiss. Because the Court finds that plaintiff Karl Hanson has failed to plead, or to amend his pleading in response to this motion, in a manner that would state a claim against Erickson in an individual capacity, the Eleventh Amendment defeats the complaint. Although the Court has concerns that, even amended, the complaint would be frivolous, the Court dismisses the claim without prejudice and grants Hanson leave to file a motion to amend.

## BACKGROUND

On September 11, 2009, Hanson was the subject of traffic stop by defendant Charmane Domino of the Medina Police Department. (Compl. ¶ 10.) Defendant Jeremiah Jessen, also of the Medina Police Department, came to the scene to assist Domino and the two officers administered a field sobriety test on Hanson. (*Id.* ¶ 12.) Hanson failed the test and was arrested for driving under the influence. (*Id.*) Erickson is a drug recognition expert for the Minnesota State Patrol and was called to the Medina Police Headquarters to assess Hanson's sobriety. (*Id.* ¶ 17.) Erickson's tests subsequently showed no evidence of intoxicating substances. (*Id.* ¶ 21.) Hanson's complaint alleges defendants violated his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, among others, and asserts state law claims of false imprisonment, assault and battery, and defamation. Erickson moves for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

I.     **Standard of Review**

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Emps. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[,]'" and therefore must be dismissed. *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

## II.     Eleventh Amendment Immunity

The doctrine of sovereign immunity, embodied in the Eleventh Amendment, protects states and state officials from liability in actions seeking monetary damages when those damages would be paid from the state treasury. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15 (1890) (states immune from suits by own citizens). "Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), a Federal Court retains jurisdiction, notwithstanding the Eleventh Amendment, to direct State officials to conform their practices to the requirements of Federal law . . . [but not to order] monetary damages from individual State Officers, in their official capacities . . . ." *King v. Dingle*, 702 F. Supp. 2d 1049, 1069 (D. Minn. 2010). However, a state or state official may be held liable if the state has waived its immunity through a clear and express waiver or if Congress has abrogated that immunity. *Alden v. Maine*, 527 U.S. 706, 756 (1999);

*Edelman v. Jordan*, 415 U.S. 651, 673 (1974). This Court has previously noted that "the State of Minnesota has [not] waived its Eleventh Amendment immunity with respect to §§ 1981 or 1983 claims. Additionally, in enacting §§ 1981 and 1983, Congress did not make a clear statement of intent to abrogate states' Eleventh Amendment immunity." *Stahl Const. Co. v. State of Minn.*, No. 03-3104, 2004 WL 742058, at *3 (D. Minn. March 4, 2004). State claims filed in federal court against a state also run afoul of the sovereign immunity doctrine. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Hanson's complaint fails to state whether he is suing Erickson in his official or individual capacity. In addition, the complaint seeks monetary damages. "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). As the complaint seeks monetary damages from Erickson in his official capacity, under *Ex Parte Young*, the claim must fail. When Erickson filed this motion to dismiss, Hanson could have amended his complaint as a matter of course, yet instead chose to attach an affidavit from his attorney to his response brief as to his intent to sue Erickson in his individual capacity. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ."); *see also Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-3037, 2010 WL 234764, at *1 (D. Minn. Jan 14, 2010) (describing a plaintiff's choice to amend its complaint so as

to not lose the right as a matter of course).  As a result of this failure to cure, the Court finds the complaint fails to state a claim.

Additionally, the Court finds that the complaint suffers from other deficiencies, such as a failure to state specific actions or responsibilities of Erickson that would warrant liability even if the Court were to read the complaint as against Erickson in an individual capacity.  As a result, the Court will grant leave for Hanson to file a motion to amend rather than accept the affidavit as addressing the concerns raised in Erickson's motion to dismiss.  Such a motion will allow the Court to assess the merits of the claims and determine if an amendment would be futile because the claims are frivolous.  *See Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.").

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Chris Erickson's Motion to Dismiss [Docket No. 9] is **GRANTED.**  Plaintiff may file a motion to amend within 30 days of this order.

DATED:  May 23, 2011　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge